Good morning, Your Honors. Before I begin... Can I get your name for the record, please? Yes, sir. Gene Vorovyo, V-O-R-O-V-Y-O. Okay, as in Victor? Mm-hmm. Can the Court hear me okay? Sure. Before I begin, is there any particular aspect of my argument that the Court wishes me to address first? All yours. Okay. Well, then, I'll try to be brief, because I think the issue has been certified. It's been briefed pretty well by the parties. Let me ask you this. In terms of that, if you're basically taking the position that the Court had to exercise its discretion before denying, you know, saying that he actually withdrew it and looked to the merits of it. Is that correct? Well, that's one of the two aspects of the argument. The Court, number one, had to exercise discretion, and number two, assuming that this was somehow an exercise of discretion, that it was an abuse of discretion. So there are two aspects to the argument. One of those aspects is that the Court actually had to exercise discretion, and it doesn't appear from the record that it actually did so. Well, the Court said it did a de novo review, right? Right. So what can we infer from that? Well, actually, I respectfully disagree. I think the Court said in connection with an argument dealing with ground one that it conducted a de novo review. And then I attached a footnote saying that basically the Court declined to consider – I'm sorry. Go ahead. Well, I guess let's just take what on the count one where the Court said, let's say, a de novo review, and I exercised my discretion. If that language had been affixed to count three, would that have been enough? Actually, no. Okay. See, so that wouldn't have made you happy either. No, because – Well, you would have won count three, right? I'm sorry? You would have won count three. Well, the counted issue is count three. So at a minimum, before we start saying that the Court actually exercised discretion regarding count three, the Court actually had to say it regarding count three. Well, now, okay, let's assume we agree. Let's say if we agree with your argument, because it seems clear that your client withdrew, and then he wants to reinstate. Right. He already has been through – he went through the state process, and the state process basically determined that it's his instructional errors, that they have no merit, right? Well, not in connection with this particular instructional issue, no. Well, but hear me out on this. But let's just even say – let's say if we agree with you, and then the Court has to go back and look at that. Now, if the Court looks at it and is your idea of exercising the discretion, the Court would ascertain whether it has any merit. And if the Court felt that it didn't have any merit and then said, you know, I'm not going to let you reinstate it because I've looked at the issue. I don't think it has any merit. I'm not going to let you reinstate it. If the Court were right on that, would that be enough for the Court to do at that point? Well – I know that's not what you want, but when we're talking about an exercise of discretion, is what we're talking about that the Court looks at what he's actually saying, ascertaining is there any possible merit, and if the Court were to determine that there's not merit, then the Court could say, well, I'm not going to let you reinstate it. Well, the problem was – I think I understand what Your Honor is asking, I think. I'm not trying to trick you. No, no. I just want to make sure that I'm actually following your question. If the Court actually went through the process that Your Honor just described, but doesn't put it on the record, that I have no way of knowing whether there's a judge thought about it, looked at the actual merit of the issue, and then thought, you know what, look, I looked at the actual issue, there's no merit, so I'm just not exercising my discretion to consider it. When it's not in the record that the Court went through that thought process, we have no way of knowing that. So you would have us do what? You would have us go send it back to the district court to say, now consider Claim 3. If we win, we win. If we lose, we lose. But consider Claim 3. At a minimum, I think this has to go back for the district court to actually address the merits of Claim 3. I mean, my position – Well, no. That's what you're arguing, that the Court could in fact – it would still be allowed – the Court could in fact look at it and say, I don't find any merit to your claim, and so that would be an exercise of discretion. If the Court went through the law, say read the – there's a DCA, a state DCA opinion dealing with the instructional issues that have to do with implied malice, expressed malice, voluntary intoxication, all of those things. If the Court looked at California law and said, you know what, I think you're going to lose, then he could say, well, I'm not going to let you reinstate it. Now, you'd appeal that again, of course. But then it would be, I guess, a merit discrimination. Right. See, if the Court did what Your Honor just described, then it would be essentially a merit determination, and assuming there was adequate record, then I can come back here and say, look, the Court said that I – And then we would decide at that point, did – was the Court right about that or not, or should the Court have – I suppose, yes. One thing that I would urge this Court to consider is, in some ways, this would be sort of, I would say, wasting time, because the issue is, I think, one of law. It's not a question where let's assume that the district court gets to the bottom of the actual issue. But there isn't a developed record here. I mean, you're – essentially, what's in the record is a state court opinion that says that you're – basically has a problem with your instructional error. So would you just want us to – I guess, essentially, what you're saying is reinstate 3 and say that he's entitled to it and grant relief? Well, I think, actually, there is enough of a record for the Court to do it. And I do want to say that the issue that my client has raised in Ground 3 has not actually been addressed on substance by the state court. Well, I can't speak for the other members of the panel, but you're never getting me there. I mean, you might get me with the – that the Court needs to go back and look at it and start there and then make a – you know, do it that way. But I understand your argument. I guess we each have a right to our opinion. Right, right. And then yours counts, but – A little. It's a reality of life. Yeah. But I just – I do want to bring to your attention that the issue that's raised in Ground 3 was resolved by the state court on purely procedural ground. That was basically – the state court, I think it's the San Bernardino County Superior Court, basically said that's an issue that was previously raised in direct court appeal. I'm not looking at it again. And number one, that was incorrect. But wouldn't – if we got to the merits of this, just said that, then you would be – then there would be an AEDPA standard, and then you would need to point to that this was contrary to Supreme Court precedent. And those issues aren't briefed before us because it's – Well, I believe, as we said in the briefing, when the state court resolves a substantive issue on a procedural ground, there is no deference on the AEDPA. That's why I urge the Court to at least consider, if you agree with me, that the Court abuse this discretion not to consider the merits. All right. Let's go there. Then tell me what the Supreme Court case is that says that that decision was contrary to Supreme Court precedent. Well, the Cole v. Carey is a Ninth Circuit case that establishes – Not U.S. Supreme Court. We did. Well, the Supreme Court case – That's what they told us one time this – I think this last year, that it's not contrary – it's not what's contrary to U.S. Ninth Circuit precedent. It's U.S. Excuse me. Didn't Hoe rule that it was contrary to Supreme Court law? Yes. And that's actually – I'm sorry. I was getting there. I think it's South Tribune, Montana. It's a Supreme Court case. It was one of the cases that the Cole v. Carey cited. Basically, you had a state court instruction here that took out an intent element of the crime. It said it's a general intent crime, which it isn't under California law. The Hoe cited to specific U.S. Supreme Court authority in support of that conclusion. It's still good law. Was that – were they making the distinction of express or implied malice? Well, I think Hoe dealt with implied malice. It was, I think, on the instructional issue itself, it's identical to ours. The only difference, I guess, slightly difference being that in Hoe, the underlying defense that was raised by the defendant was self-defense. And here, it was something like self-defense, but not quite that. But I don't think that distinction is relevant. But to answer Your Honor's question, Hoe is an implied malice case. It's not an express malice case. Do you want to reserve a minute or so? Yes, Your Honor. Thank you very much. Good morning, Your Honors. California Deputy Attorney General Adrian Dinal on behalf of Appellee. I can't hear you. You'll have to speak up some. Okay. Thank you. This is not a case where the district court got it wrong and erroneously failed to consider claim three in Mr. McKeever's pro se habeas petition. Rather, the district court afforded Mr. McKeever the pleadings, the liberal construction that they were entitled to due to his pro se status. What we really have here is buyer's remorse. A litigant changed his mind after he voluntarily withdrew claim three. Was it an unconditional withdrawal or did he reserve his right to reassert it? It was an unconditional withdrawal. I have here a petitioner here. I'm quoting his document. Petitioner hereby withdraws ground three except to assert it for the record. And then it goes on. That sounds to me like it's a little equivocal. Your Honor, I interpret that as an unequivocal withdrawal. What do you make of the words except to assert it for the record? Well, that's the position that this litigant took from the initial claim in the petition. But just because you're asserting it for the record, he actually tried to reinstate that. And the district court had discretion to allow the litigant to reinstate that claim. Well, show me in the district judge's order where the district court exercised discretion. Because my understanding is, and you can correct me if I'm wrong, but for purposes of the decision of whether to reinstate, I have to follow Ninth Circuit precedent to make a determination of whether there's a showing of an exercise of discretion. And our Ninth Circuit precedent seems to have problems with the fact, the only thing that the best argument that you can make in there is he says he did a de novo review. The exercise of discretion seems to tie to the count one. So I don't see anywhere where we can say if the judge had said I'm reviewing it de novo, I've looked at it, I'm looking at the law here, and I don't think he's stating it's implied malice. And when I look at everything here, I think it's harm, that he's not going to prevail on it. So I'm not going to allow him. There's nothing like that here, that he even wrestled with the merits. That's true. But then the district court is not required to look at the merits of a withdrawn claim, especially a claim in this instance when it is not meritorious. But how do we know that the district court even determined that it wasn't meritorious? If the district court had done that, then that gives us something to say that the district court, you know, here, there's nothing there. We have nothing to review. That's correct. There is no express language that it considered the underlying merits. But all along, all of the parties in this action recognized that this was not a meritorious claim. Petitioner recognized that when he put it forward, and the State, when it responded, took the position that under the United States Supreme Court precedent, this was not a claim that he could prevail and obtain. Okay. But then on June 5, 2003, everything changed, right? Then we didn't issue Hoe v. Cary? You did issue Hoe v. Cary. And didn't Hoe v. Cary hold that the instruction given in this case was unconstitutional? Hoe v. Cary is a different case than the fact pattern that's presented to you here. Well, let me start with the instruction. Was it the same instruction? There was, yes, there were the same instructions of the general intent instruction, which is Caljig, I think. And did Hoe rule that that instruction violated clearly established Supreme Court law? Under Sandberg v. Fontaine, yes. And so now he's got a new case that says the same instruction that was given in my trial was given in Hoe, and not only that, but the United Circuit holds that this means I'm entitled to habeas relief, and the judge won't let him now assert the new case. No, it doesn't, because Mr. McKeever did not assert a self-defense case. Mr. McKeever was voluntary intoxication. Voluntary intoxication is never a defense. All right, but isn't that the argument that should have been going on in front of the district judge in terms of if the district judge said, okay, I see why you're wanting to reestablish this, and then look at Hoe v. Cary, and the district court could have said, okay, I'm going to look at this de novo. I'm going to ascertain either that Hoe v. Cary, I think it was wrongly decided, and under an AEDPA review, I don't think that they're properly interpreting Supreme Court precedent and say I'm not going to let you reinstate it, and then we'd come up with that record and we would make that, we would make the determination was it contrary to Supreme Court precedent or whatever. But there's nothing that went on like that. I believe that, I mean, I do read the court's order, the district court's order that it did exercise its discretion. I don't believe that it says it has to say. Tell me anything. Well, it does attach that footnote to where it is saying it did the de novo review. I don't believe that it has to spell it out each and every time there's an exercise of discretion. It did, and it was the position of both parties down below that this was not a meritorious claim, and Hoe v. Cary does not change the landscape as to that premise. Because this was a voluntary intoxication defense as opposed to a self-defense case or an imperfect self-defense as it was in the Hoe case, and that the Hoe panel decided that because of the instructions, the jury could have misunderstood and found Mr. Hoe guilty of second-degree implied malice, murder, even accepting his self-defense argument. That is not the case here. And, in fact, this jury, Mr. McKeever's jury, was expressly instructed that the crime of murder in the second degree in this case, the necessary mental state, was implied malice. And then the trial court went on. While it did not provide the Caljig instruction that defines implied malice expressly, the implied malice standard was given to this jury. And because there is this is not a meritorious claim, it would be a waste of judicial resources to send it back down for the district court to exercise that discretion. Now, I think that we can also look at the district court's denial of the certificate of appealability, and there, again, it shows that the district court, while I agree, Your Honor, it is not expressly set out, I am exercising my discretion. The district court does exercise its discretion in recognizing that this litigant put forward a claim that he conceded from the initial start that was not a meritorious claim. Well, it seems that Brown v. Roe, which is also Ninth Circuit precedent, requires more than what was in this district court's record. And we have to look at, you know, whether I like it or not, I'm bound by Ninth Circuit precedent in ascertaining whether we can show that there is another case that's a problem for you. The exercise of discretion, then, if on this record, the district court could not accept the withdrawal of the claim, then essentially no district court could ever accept a withdrawal of a claim from a pro se litigant. It would be pointless. They would go on and then have to address the meritation every time. Therefore, no pro se litigant could ever withdraw a claim. Well, suppose he did withdraw it. Maybe you and I disagree about how equivocal it was when he has an except for phrase. But let's assume it was an unequivocal withdrawal. And then there's a new case that comes out that on its face looks like it might help him. Maybe it will, maybe it won't. You say it won't, he say it will. It involves the same instruction. On its face, it looks like it might be relevant. Why shouldn't the district judge exercise his discretion to at least let him put it in play? That could be something that the district court could exercise its discretion on, but it's not obligated to turn around and address the merits if a Ninth Circuit case comes out. It's like if you came to court today and you say there's a new case that governs your appeal, then I tell you to get lost. I'm not going to look at it. No, Your Honor, but back again, does not get this litigant where he wants to go. Well, maybe that's right. But, you know, maybe I ought to look at it before I come to that conclusion. The district judge here wouldn't look at it. He said, I'm not going to look at it. You know, you've withdrawn it. It did accept the litigant's withdrawal of the claim. And I'm saying to you is if somebody comes in with a case that looks on its face to be similar and involves the identical instruction, why wouldn't a judge say, well, at least I'll look at it? If, you know, Ms. Dinault can distinguish it, then you're going to lose. But, you know, at least I'll look at it. Well, because then we're telling the district court that the exercise of discretion is mandatory, that it must look at the merits of the claim and it can never accept a withdrawal of the claim. That doesn't offend my sense of justice to say, yeah, you've got to look at it before you deny it. Your Honor, I do believe that the district court did look at it. And Ho versus Kerry does not get this litigant where he wants to go. And because of the difference in the instructions in this case and the difference of the defenses presented from Ho versus Kerry and Mr. McKeever's defense. Mr. McKeever's defense was voluntary intoxication. That is not a recognized defense in California against implied malice, second-degree murder. And so even if the court, the district court were to look at this, even when considering Ho versus Kerry, that it would not get him where he wanted to go. And with that, I would request that the court affirm the district court. Thanks so much. Thank you. I believe we've got about a minute and a half to go. Really brief. Number one, the court doesn't have to decide a broader question, whether the district court can ever accept a withdrawal from a proselyting. In this specific case, I think Mr. McKeever gave a pretty good reason for why he wanted to reinstate it. I don't see from the record anything that would even arguably support the refusal to do it. Ms. Duneau said that, well, the court could have done it. I didn't hear her articulate it in a remotely plausible, viable reason. I didn't see one from the record. And I'll leave it at that. Mr. McKeever's defense, I'm sort of shifting gears to the actual underlying claim for a second. Mr. McKeever's defense trial was not voluntary intoxication. That is incorrect. The defense was that he was obviously drinking, but the defense was actually that somebody attacked him and the victim. And he was in panic from the attack. And in panic, he just drove forward. Well, he – the voluntary intoxication, that instruction, wasn't it given as to the manslaughter, the lesser-included manslaughter? Yeah. And so he did put – you know, there was evidence that justified giving that instruction. Right. You're correct, Your Honor. There was evidence of that. But the actual defense, and I actually – I went to that. In fact, somehow, after sleeping, he was still a one-two or something. A man could drink a lot. Apparently. I see your timing is up. And I reread the defense counsel's closing argument at state court trial. The defense was what I just described, that he basically drove over in panic. And I think if that is credited, I think that at least it could reduce the – it could negate the implied malice element and it could get him to involuntary manslaughter, perhaps. And the jury never got to consider it because they were basically told, commission of the underlying act sufficient to establish intent. Thank you very much, Your Honor. Thank you very much. Ms. Null, thank you, too. And thanks for coming early to both of you. The case argued is submitted. United States v. Grant is submitted on the briefs at this time. The next case to be argued is 0750173, United States v. Felix. Each side has ten minutes.
judges: Hall, Silverman, Callahan